Titcomb *v.* Thomas.

---

## TITCOMB *vs.* THOMAS.

A bill of exchange payable to the order of the drawer, and not indorsed, may be assigned, for a valuable consideration, by delivery only; and for the benefit of the assignee an action lies against the acceptor, in the name of the drawer as on a bill payable to himself.

The interest of one of several joint assignees of such bill may be transferred to the others by delivery of the bill, and payment by them of his share of the money due upon it.

THIS was an action of *assumpsit* on a bill of exchange drawn by the plaintiff on the defendant, payable to the plaintiff's own order, no other payee being named, and accepted in writing by the defendant. The bill was drawn and accepted at *Baltimore, August* 31, 1826, where the parties then were, though both belonged to *Portland;* and it was not indorsed by the plaintiff. The action was commenced *Dec.* 7, 1826, for the benefit of Messrs. *Lawrence & Co.* and *Dexter & Almy*, as appeared by an indorsement on the writ, who claimed the bill as assignees, and had caused it to be protested for nonpayment.

The defendant, at the opening of the cause before the Chief Justice, moved its dismissal from the docket; founding the motion on a paper under the hand and seal of *Titcomb*, filed at the first term in the court below, in which he disclaimed the suit, forbade its prosecution, and released the defendant from all demands.

The counsel for the plaintiff, to shew that the bill was the property of the persons claiming it as assignees, called one *Patterson* as a witness, who was objected to on the ground of his interest, as developed in the course of his testimony.

He testified that the firm of *Titcomb & Sumner*, of whom the nominal plaintiff was one, having failed in business, the assignees above mentioned, and the firm of *Lambert & Patterson*, of which the witness was one, being creditors of *Titcomb & Sumner*, agreed to share equally in the loss and gain of an attempt to obtain payment of their demands. In pursuance of this agreement the witness followed *Titcomb* to *Baltimore*, arrested him there in a suit for a portion of

Titcomb v. Thomas.

their demands, amounting to about 1400 dollars, and imprisoned him in close gaol. A negotiation was then opened between him and the defendant, who was in *Baltimore*, which resulted in an agreement that the defendant should give his acceptances for the whole amount of the demands in *Patterson's* hands, being $2732 21. The bills were accordingly drawn, in the prison, payable to the order of the plaintiff, accepted by the defendant, and by him delivered to *Patterson*, in presence of *Titcomb*, and with his consent. The notes against *Titcomb & Sumner* were at the same time delivered by the witness to the defendant, who wished to receive them, as he said, for his own security; but they were not indorsed. Neither were the bills of exchange indorsed by *Titcomb*, the witness having forgotten to have it done. *Titcomb* was then discharged from prison. He further testified that no bail was offered or refused; that of the demands in his possession, 1654 dollars were then due and payable; and that no measures were adopted to enforce payment, beyond the ordinary course of law. After his return to *Boston*, he delivered all the drafts to the Messrs. *Lawrence*; and before the first draft fell due, having heard that payment would be declined, he agreed to sell out his interest in them all, in order to be a witness in any action that might be brought respecting them; and received 597 dollars in full of *Lambert & Patterson's* demand against *Titcomb*; but no writing was made till *June* 19, 1827, after this action was brought, when he executed a proper deed of assignment, transferring to the other creditors all his interest in the drafts.

Hereupon it was contended for the defendant,—1st, That *Patterson* was not a competent witness, because of his interest; for previous to the bringing of the action he had only agreed to transfer his interest in the bills, the assignment not having been made till since the action was pending; and if the plaintiff does not succeed in this suit, the defendant will have a remedy, for his costs and damages, against all the persons who caused it to be commenced against him, of whom the witness was one.—2d, That there was no consideration for the bills, they being mere accommodation paper, on which the original party can have no action The old notes being delivered to the defendant gave him no new rights, because they were paid by the new

negotiable paper; and also not being indorsed, they gave the defendant no claim beyond what he would have had on a count for money lent.—3d, That the suit was subject to the control of *Titcomb*; both for the foregoing reasons, and because the bills were obtained from him by duress, and under circumstances of severity which left him no liberty of choice.

The Chief Justice overruled these objections, but reserved them for the consideration of the court, a verdict being, by his direction, found for the plaintiff.

*Fessenden* and *Deblois* for the plaintiff.

*Orr, Greenleaf* and *Willis* for the defendant.

MELLEN C. J. delivered the opinion of the Court.

The first question is whether *Patterson* was a competent witness. The firm of *Lambert & Patterson*, of which the witness is one, were originally creditors of *Titcomb & Sumner*; yet it appears by the report that the present action is brought for the benefit of certain other creditors, whose names are mentioned in the special memorandum or certificate on the back of the writ. It appears also that before the commencement of the action, the full amount of the demand of *Lambert & Patterson* was paid to them by the creditors for whose use the suit was instituted, though a formal release and assignment was not executed till several months after. Upon receiving payment of their demand, they ceased to have any interest in the same, or in the success of this prosecution; for it does not appear that any one is chargeable with the expense of it, but those who claim to recover the amount sued for, in the name of *Titcomb*, or his equitable assignees. Our opinion therefore is that *Patterson* was a competent witness, and properly admitted as such.

The second question is whether, upon the facts developed in his testimony, the action ought to have been dismissed from the docket, in consequence of *Titcomb's* disavowal and discharge. The bill of exchange declared on, for some reason or other, was not indorsed by *Titcomb*; but if the property of the bill was fairly and on good consideration assigned or transferred to the prosecuting creditors, it is

Titcomb v. Thomas.

the duty of the court to protect their equitable rights, and not suffer them to be sported with, or sacrificed by the assignor, at his pleasure. On this point it would be superfluous to cite authorities.

We proceed therefore to the third question, which is whether a legal right of action has been fairly and equitably assigned to the persons before mentioned, on a valuable consideration. An assignment of a demand need not be in writing ; it may be made by delivery. See *Vose v. Handy* 2. *Greenl.* 322, and the cases there collected. In the present case the bill, when signed by the defendant, was delivered to *Patterson* the witness, who was then agent for all concerned, in the presence of *Titcomb*, to whose order it was made payable, and with his consent. These facts certainly shew a legal assignment, and *Titcomb's* immediate discharge from prison, in consequence, was a good and valuable consideration for it.

The next question is whether there was a good and sufficient consideration for the defendant's acceptance ? To this question the answer is obvious. The defendant came forward in the nature of a surety for his friend, to procure his liberation from imprisonment, and he was liberated. This was itself a legal consideration, surely as binding as a promise in consideration of forbearance. It is the same species of consideration which gives force and effect to the promise which a man makes, when he signs a promissory note as surety for his neighbor, or indorses his paper. The promissee or creditor gives delay, and the debtor gains by it ; and this is the consideration on the part of principal and surety. This is familiar law. The act of giving up the notes by *Patterson* to *Titcomb*, was also a consideration for the draft ; and beyond this, these notes were delivered to the defendant, at his request, he saying he should want them for his security, *Titcomb* assenting. This was an assignment of them. After all this, such an objection should not have been heard. As to *Titcomb's* supposed right to control or defeat this action, on the alleged ground of duress, illegal exactions, and oppression, it is enough to say that there is not a particle of proof to establish the fact, or warrant the imputation. *Judgment on the verdict.*